{¶ 13} I respectfully dissent.
 {¶ 14} I am troubled by the majority's sua sponte raising the possibility of attendant circumstances. Whitley never argued attendant circumstances at the trial court nor on appeal. Nevertheless, I would find no attendant circumstances exist to defeat application of the open-and-obvious doctrine. *Page 8 
 {¶ 15} Whitley claimed that she tripped on the carpet runner that was covering the carpeting where she was waiting in line. Thus, to prevail, Whitley must establish that National City either was responsible for an unreasonable danger that it created or had knowledge of and failed to properly warn against or that the carpet runner was a hazard that Whitley could not have reasonably discovered.
 {¶ 16} A review of Whitley's photos demonstrates that the runners are clearly visible, and Whitley admitted she observed the runners on the floor upon entering the bank and approaching the teller window. Whitley further testified at deposition that she frequented the branch and was familiar with the inside of the bank. She stated that none of the edges or corners of the carpet runner were turned up prior to her fall and, when she looked at the carpet runner before her fall, it was lying flat. It was not until after she fell that she observed the corners turned up. Whitley herself surmised that it was the person ahead of her in line that must have kicked up the corner of the runner and that is what she tripped over. Equally plausible, argues National City, is a situation where Whitley stumbled and it was her fall that moved the runner. Either way, Whitley is unable to set forth any evidence that the carpet runner was a hazard or that National City knew or should have known that it was dangerous. Although Whitley argues that the carpet runners should have been glued to the floor, she does not support that claim in any manner. Even assuming, arguendo, that the runner was a hazard, Whitley has provided no evidence that National City either created or tolerated an unreasonably dangerous condition that was not open and obvious. *Page 9 
 {¶ 17} Therefore, I would affirm. *Page 1